UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nyabuay Biel Gach,<br><br>  Petitioner,<br><br>v.<br><br>Marcos Charles, ICE Field Office Director; Merrick Garland, U.S. Attorney General; Alejandro Mayorkas, Secretary of U.S. Department of Homeland Security,<br><br>  Respondent. | Case No. 24-CV-583 (JWB/JFD)<br><br>REPORT AND RECOMMENDATION |

---

This case comes before the Court on Petitioner Nyabuay Biel Gach's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming that she is unconstitutionally being detained by United States Immigration and Customs Enforcement ("ICE"). (Pet. at 1–2, Dkt. No. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to Title 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. The Eighth Circuit recently decided, in *Banyee v. Garland*, — F.4th —, No. 22-2252, 2024 WL 4208300 (8th Cir. Sept. 17, 2024), that people in the United States who are confined pending a decision on a final order of removal are not entitled to habeas relief, even if their confinement exceeds one year. *Banyee* at *1. In fact, the Eighth Circuit's decision holds that "[d]ue process imposes no time limit on detention pending deportation." *Id*. In light of this recent decision from the Eighth Circuit, the Court recommends that Ms. Gach's Petition for a Writ of Habeas Corpus be denied.

## BACKGROUND

Ms. Gach was born in 1991 in a refugee camp in Ethiopia to Sudanese parents who had fled the civil war in Sudan. (U.S. Resp. to Pet. for Writ of Habeas Corpus ("U.S. Resp.") 4, Dkt. No. 5; Pet.'s Aff. in Supp. of Reply, Ex. E. 1–7, Dkt. No. 9.). She entered the United States with her family as a child refugee in 1994 and gained Lawful Permanent Resident status in 1996. (U.S. Resp. at 4.) Since 2010, Ms. Gach has been convicted of several crimes in Iowa, Minnesota, and South Dakota, the most recent of which was a Second-Degree Felony Robbery conviction in February 2022 in South Dakota. (*Id*. at 5.) Shortly after her conviction, ICE officials submitted an immigration detainer to the South Dakota Women's Penitentiary, and ICE arrested her upon her release on November 1, 2023. (*Id*.) She was arrested pursuant to a warrant charging that she was subject to deportation under 8 U.S.C. § 1227(a)(2)(A)(ii) because she had been convicted of two crimes involving moral turpitude. (*Id*.)  After her arrest, two additional grounds for her removal were added, both under 8 U.S.C. § 1227(a)(2)(A)(iii): 1) conviction of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G) (i.e., "a theft offense including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year") and 2) conviction of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(F) (i.e., "a crime of violence … for which the term of imprisonment [is] at least one year"). (*Id*. at 6.)

Ms. Gach has participated extensively in the proceedings regarding her pending deportation, but she has been largely unsuccessful at every stage. (*See id.*) On January 2,

2024, her Motion to Terminate removal proceedings was denied, and on February 24, the immigration court ordered her to be removed to either Sudan or South Sudan. (*Id.*) She then applied for deferral of removal to both countries under the Convention Against Torture, and the immigration court granted her application as to Sudan but denied it as to South Sudan. (*Id.*) The decision to deny her application for deferral of removal to South Sudan is currently pending appeal. (Letter to Mag. J. 1, Dkt. No. 7.)

## ANALYSIS

Ms. Gach makes many compelling arguments regarding the fairness and correctness of the proceedings in the immigration court regarding her removal, and the Court recognizes those arguments as potentially valid. But the Court cannot address those arguments in a petition for habeas corpus relief. The only question before the Court is whether Ms. Gach's detention violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the Eighth Circuit's decision in *Banyee* and 8 U.S.C. § 1226(c)(1)(B), Ms. Gach's detention is both constitutionally permitted and statutorily mandated. *Banyee* at *2.

In *Banyee*, a District Judge in this District accepted the Magistrate Judge's recommendation and ordered the immigration judge assigned to the case to hold a bond hearing to determine whether the petitioner was dangerous or posed a flight risk, the same relief requested by Ms. Gach. *Id*. at *1–2. After the bond hearing in *Banyee*, the immigration judge found that the petitioner was neither dangerous nor a flight risk and ordered him to be released on bond. *Id.* On appeal of that decision, the Eighth Circuit found that the detention from which the petitioner sought relief did not "violate[] his rights in the

first place" and reversed the decision of the District Court to award him a bond hearing. *Id*. at *1.

The facts in this case are, in relevant part, indistinguishable from those in *Banyee*. Here, as in *Banyee*, the petitioner is a long-time legal permanent resident of the United States who came to the country as a child to escape civil war, Mr. Banyee in 2004 and Ms. Gach in 1994. *Nyynkpao B. v. Garland*, No. CV 21-1817 (WMW/BRT), 2021 WL 8315005, at *1 (D. Minn. Dec. 2, 2021) (hereinafter *Banyee R&R*); (U.S. Resp. 4.) Mr. Banyee had become a legal permanent resident in 2005, Ms. Gach in 1996. *Banyee R&R* at *1; (U.S. Resp. 4.) Mr. Banyee's first conviction came in 2016, Ms. Gach's in 2010. *Banyee R&R* at *1; (U.S. Resp. 5.) Mr. Banyee's final conviction before being detained by ICE was in 2018, Ms. Gach's in 2022. *Banyee R&R* at *1; (U.S. Resp. 5.) Both petitioners had convictions for robbery offenses which led to ICE issuing warrants for their arrest under 8 U.S.C. § 237(a)(2)(A)(iii) (crime of violence), and 8 U.S.C. § 237(a)(2)(A)(ii) (two crimes involving moral turpitude after admission upon completing their sentences.) *Banyee R&R* at *1; (U.S. Resp. 5.) Both petitioners commenced their habeas corpus proceedings while their applications for cancellation of removal were on appeal to the Board of Immigration Appeals. *Banyee R&R* at *1; (U.S. Resp. 7.)

Their arguments for relief are also similar. Both Mr. Banyee and Ms. Gach sought or are seeking a bond hearing to determine the permissibility of their detention. Both Mr. Banyee and Ms. Gach advanced or are advancing, as their primary argument, that the courts should apply the factors identified in *Muse v. Sessions*, 409 F. Supp. 3d 707, 715 (D. Minn.

2018), to determine whether the petitioner's detention was or is reasonable and warranted or warrants habeas corpus relief. Those factors include:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays of the removal proceedings caused by the detainee; (5) delays of the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Muse v. Sessions*, 409 F. Supp. 3d 707, 715 (D. Minn. 2018). Both the *Muse* approach and a reasonableness inquiry into habeas corpus determinations related to detentions pending removal were explicitly rejected by the Eighth Circuit in *Banyee*. *Banyee* at *3 ("These cases leave no room for a multi-factor 'reasonableness' test. It is true, as Banyee has pointed out, that deciding what process is due ordinarily requires a form of interest balancing. … But *Zadvydas* and *Demore* have already done whatever balancing is necessary.") (citing *Zadvydas v. Davis*, 533 U.S., 682, 701 (2001); *Demore v. Kim*, 538 U.S. 510, 528 (2003).)

The Eighth Circuit was clear and categorical: "The rule has been clear for decades: detention during deportation proceedings is constitutionally valid." *Id*. at *2 (quoting *Demore v. Kim*, 538 at 523) (cleaned up). The Eighth Circuit held that "no individualized findings of dangerousness [are] necessary. … [T]he government c[an] continue to hold detainees simply by reference to the legislative scheme." *Id*. (quoting *Carlson v. Landon*, 342 U.S. 524, 543 (1952).) The Eighth Circuit said that because detention pending removal proceedings is guaranteed to end when the decision is made regarding whether a petitioner will be deported, either by release or by removal, it is constitutional. *Id*. at *3 ("[N]othing suggests that length determines legality. To the contrary, what matters is that detention

pending deportation 'ha[s] a definite termination point'—deporting or releasing the alien—making it 'materially different' from the 'potentially permanent' confinement authorized by other statutes.") (quoting *Demore*, 538 U.S. at 528–29). In short, "the government can detain an alien for as long as deportation proceedings are still pending." *Id*. (citing *Demore*, 538 U.S. at 527).

Under *Banyee*, the Court is not permitted, in ruling on a petition for a writ of Habeas Corpus, to evaluate the proceedings in the immigration court. It is permitted to ask only one question: Are deportation proceedings ongoing? If so, the petitioner's detention is *per se* constitutional, and the petition must be denied. (*Id.*) As in *Banyee*, removal proceedings are still pending for Ms. Gach, so the Court recommends that her petition be denied.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Ms. Gach's Petition for a Writ of Habeas Corpus (Dkt. No. 1) be **DENIED**.

Dated: October 23, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United State Magistrates Judge

## NOTICE

**Filing Objections:** The Report and Recommendation is not an order or judgment of the District Court and is not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).